UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL G. PRIETO, DEC'D,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>                    Defendant. | Case No. C09-5731RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 3, 2010 |

Plaintiff, through his wife, has brought this matter for judicial review of the decision by the Commissioner of Social Security ("Commissioner") to deny his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned recommends that for the reasons set forth below, the Court reverse the decision to deny benefits and remand this matter to the Commissioner for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits on June 12, 2006, alleging disability as of December 23, 1997, due to severe arthritis in his hand and shoulder, a bulging knee and pain.[1] See Tr. 9, 99, 102, 118. His application was denied both on initial review and on

---

[1] Plaintiff, who was 58 years old at the time he filed his application, died on February 5, 2009. See Tr. 96.

REPORT AND RECOMMENDATION - 1


reconsideration thereof. Tr. 9, 40-42.  A hearing was held before an administrative law judge ("ALJ") on December 5, 2008, at which plaintiff, represented by counsel, appeared and testified. Tr. 16-32.

On January 28, 2009, the ALJ issued a decision in which he determined plaintiff to be not disabled at step two of the sequential disability evaluation process,[2] on the basis that plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for a period of 12 consecutive months, and thus that he did not have a "severe" impairment or combination of impairments. Tr. 9-15.  Plaintiff's request for review of that decision was denied by the Appeals Council on September 25, 2009, making the ALJ's decision the Commissioner's final decision. Tr. 1; 20 C.F.R. § 404.981.

On November 24, 2009, plaintiff filed a complaint in this Court seeking review of the Commissioner's final decision. (ECF #1).  The administrative record was filed with the Court on February 11, 2010. (ECF #9).  Plaintiff argues the Commissioner's decision should be reversed and remanded for an award of benefits, because the ALJ erred in finding no severe impairment at step two of the sequential disability evaluation process.  The undersigned agrees the ALJ erred in determining him to be not disabled at that step, but, for the reasons set forth below, recommends that while the decision of the Commissioner should be reversed, this matter should be remanded thereto for further administrative proceedings.

## DISCUSSION

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the

---

[2] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step, the disability determination is made at that step, and the sequential evaluation process ends. Id.

REPORT AND RECOMMENDATION - 2

record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

I.  The ALJ's Step Two Analysis

At step two of the sequential disability evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); see also SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); see also Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

REPORT AND RECOMMENDATION - 3

In this case, the ALJ found plaintiff had medical determinable impairments consisting of arthritic gout and hepatitis, but determined he did not have a severe impairment or combination of impairments. See Tr. 11. Specifically, the ALJ found "no objective medical evidence" in the record to show plaintiff's "arthritic gout and hepatitis caused significant vocational limitations for a continuous period of at least 12 months during the relevant time period at issue," which is that period prior to or as of June 30, 2001.[3] Tr. 14. Plaintiff argues the ALJ erred here in failing to find his arthritic gout[4] was a severe impairment, by not giving sufficient weight to the opinion of his treating sources and by wrongfully rejecting his own testimony.

In his decision, the ALJ found in relevant part as follows:

> In this case the record is inadequate to establish a residual functional capacity for the claimant prior to the date last insured. The conclusion must be reached that he had no severe impairment prior to that date. . . .
>
> The State Department of Disability Services (DDS) evaluators in this case found that evidence from the period prior to the date last insured was insufficient to establish disability (2F, 4). Before [the] hearing, the only evidence of impairment prior to the date last insured was a letter from Cleotide Nimietz PA-C and J. Gray, MD, dated May 12, 2000, indicating that the claimant was "severely disabled" due to severe gout; hepatitis A, B, and C; and liver disease (7F). As noted below, this letter is wholly conclusory; it recounts no objective findings, and gives no reason for the opinion. . . .
>
> At [the] hearing I agreed to hold the record open for 30 days for additional evidence regarding the claimant's impairments before June of 2001. Treatment notes from 1997 through 2001 were submitted, but provide little to

---

[3] See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (claimant has burden of proving he or she suffers from medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for continuous period of not less than twelve months). In addition, to be entitled to disability insurance benefits, plaintiff "must establish that [his] disability existed on or before" the date his insured status expired. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998); see also Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1460 (9th Cir. 1995) (social security statutory scheme requires disability to be continuously disabling from time of onset during insured status to time of application for benefits, if individual applies for benefits for current disability after expiration of insured status). Plaintiff's date last insured was June 30, 2001. Tr. 11, 40. Thus, to be entitled to benefits, plaintiff must establish he was disabled prior to or as of that date. See Tidwell, 161 F.3d at 601.

[4] Plaintiff does not appear to challenge the ALJ's determination that his hepatitis was a non-severe impairment nor does the undersigned find the ALJ erred in making that finding, as the substantial evidence in the record appears to support it.

REPORT AND RECOMMENDATION - 4

>no evidence regarding the claimant's functional limitations during that time period (9F). They do show that the claimant was diagnosed with and treated for gout (9F). At one point his diagnosis was "RA [rheumatoid arthritis] versus arthritic gout" (9F14). In June of 1997, his uric acid level was abnormal (9F30). Physical examination showed tenderness on the dorsal aspect of the right foot and decreased hand strength (9F12). The claimant's treating PA-C apparently was concerned that the claimant "could become disabled and unable to walk." (9F9). Physical examination in 2000 showed multi joint deformation in the hands but full range of motion and no edema (9F18). The rest of the medical record shows that the claimant's condition improved with treatment. Treatment notes from January of 2002 indicate that the claimant's gout had stabilized and was doing well (1F8). The claimant reported that he had been doing quite well taking Allopurinol and occasional Indocin; he said he was happy overall (1F7).
>
>Based on my review of the record, I find no objective medical evidence to show that the claimant's arthritic gout and hepatitis caused significant vocational limitations for a continuous period of at least 12 months during the time period at issue. . . .

Tr. 13-14. The ALJ went on to further find in regard to the medical opinion source evidence in the record that:

>As for the opinion evidence, as noted above, the May 2000 letter from Cleotide Nimietz PA-C and Dr. J. Gray is wholly conclusory; it recounts no objective findings, and gives no reason for the opinion. Further, as also noted above, the record contains no objective findings that would support a conclusion that the claimant's impairments had more than a minimal impact on the ability to perform basic work activities during the time period at issue. Treatment notes from January of 2002 indicate that the claimant's gout had stabilized, and that he was doing well. I accordingly give the opinions of Mr. Nimietz and Dr. Gray little weight.

Tr. 14.

The undersigned disagrees with plaintiff that the ALJ failed to give proper reasons for not adopting the disability opinion of Mr. Nimietz and Dr. Gray. As noted by the ALJ, the letter they wrote contained no objective findings or reasons why the medical conditions listed therein caused plaintiff to be disabled. This was a valid reason for rejecting that disability opinion. See Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need

REPORT AND RECOMMENDATION - 5

not accept opinion of treating physician if it is brief, conclusory, and inadequately supported by clinical findings); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The undersigned does find, however, that the ALJ erred in finding the record contained no objective findings that would support a conclusion that plaintiff's impairments had more than a minimal impact on his ability to perform basic work activities. It is true that the mere existence of an impairment – or symptoms stemming therefrom – "is insufficient proof of a disability." See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). The record in this case, furthermore, is fairly limited in terms of objective medical evidence, and does consist primarily of diagnoses and symptoms not linked to any specific work-related restrictions. See Tr. 198-200, 205-06, 214, 217, 261, 266, 268, 270, 274, 276, 288. However, there is at least some evidence that plaintiff's gout may have had more than a *de minimis* impact on his ability to work.

In the objective findings section of a late April 2000 treatment note, for example, plaintiff was noted to have multi-joint deformities and tenderness in his hands. See Tr. 268. It further was remarked that plaintiff was "unable to close [his] hand." Id. Clearly, the inability to close a hand would likely result in at least some more than minimal impact on a claimant's ability to perform basic work activities, such as handing and/or fingering. Indeed, it is difficult to imagine any job that does not involve at least some use of the hands. Other treatment notes also note the presence of multi-joint deformities, swelling and tenderness in plaintiff's hands. See Tr. 205-06, 266, 270, 274. Plaintiff also was noted by one state agency staff member to have difficulty using his hands and with writing – in addition to having difficulties with both standing and walking – due to his crooked and bulging fingers. See Tr. 116.

While this latter observation does not constitute objective medical evidence upon which a

REPORT AND RECOMMENDATION - 6

step two determination may be based,[5] it does undermine the ALJ's finding that plaintiff was not fully credible regarding his gout-related symptoms, which the ALJ nevertheless appears to have relied in part in finding he had no severe impairment. See Tr. 12.   The undersigned further finds that, as argued by plaintiff, the record does not necessarily establish, as found by the ALJ, that plaintiff's gout condition improved with treatment.  In mid-September 2001, it was reported that plaintiff had an "acute flare up" with his gout. Tr. 217.  Although this is after plaintiff's date last insured, the record clearly shows that condition had been on-going and active since prior thereto. See Tr. 261, 265-66, 268, 270, 274, 276; see also Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1461-62 (9th Cir. 1995) (claimant may establish continuous disabling severity by means of retrospective diagnosis, if such evidence shows period of disability extends back continuously to onset date prior to date last insured).

In early January 2002, plaintiff was noted to be "presently stable" and "doing quite well" with his gout on medication (Tr. 214), but in late April 2004, at another medical visit his finger joints were found to be infected, swollen and tender (see Tr. 205-06).  Based on this evidence, it cannot be said with any certainty that plaintiff's condition was controlled.  The undersigned also rejects the ALJ's step two determination to the extent that it was based on the perceived failure

---

[5] At step two of the disability evaluation process, although the ALJ must take into account a claimant's pain and other symptoms (see 20 C.F.R. § 404.1529), the severity determination is made solely on the basis of the objective medical evidence in the record:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself.  <u>At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.</u>  If this assessment shows the individual to have the physical and mental ability(ies) necessary to perform such activities, no evaluation of past work (or of age, education, work experience) is needed.  Rather, it is reasonable to conclude, based on the minimal impact of the impairment(s), that the individual is capable of engaging in SGA.

SSR 85-28, 1985 WL 56856 *4 (emphasis added).

REPORT AND RECOMMENDATION - 7

of plaintiff to seek medical treatment. See Tr. 13.  Although there is evidence in the record that plaintiff may not have always taken his medication as prescribed (see Tr. 266), there also is some indication that lack of financial resources may have been a factor as well (see Tr. 265).

In other words, only when there is no good reason for not following a prescribed course of action, may the failure to do so "cast doubt on the sincerity of the claimant's pain testimony." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also SSR 96-7p, 1996 WL 374186 at *7. While it may be, as noted by the ALJ, that inability to afford treatment cannot remove plaintiff's burden at step two, here, as discussed above, it appears that burden likely has been met based on the objective medical evidence in the record.  In addition, the Ninth Circuit clearly has stated that benefits may not be denied due to the failure to obtain treatment because of a claimant's inability to afford it. See Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995).

Essentially what the ALJ appears to have done in this case at step two of the sequential disability evaluation process, is to apply an improper standard of review.  As noted above, at the beginning of his discussion of the objective medical evidence in his decision, the ALJ stated that the record was "inadequate to establish a residual functional capacity for [plaintiff] prior to the date last insured." Tr. 13.  But consideration of residual functional capacity does not occur until after the step two – not to mention step three – determination has been made, and there has been a finding of severity. See SSR 96-8p, 1996 WL 374184 *2 (if disability determination cannot be made on basis of medical factors alone at step three of sequential disability evaluation process, ALJ then must identify claimant's functional limitations and restrictions and assess his or her remaining capacities for work-related activities).  Rather, also as noted above, the determination at step two is merely a *de minimis* screening device used to dispose of groundless claims, which, as just discussed.  Such determination was not properly made here.

REPORT AND RECOMMENDATION - 8

Accordingly, the undersigned finds the ALJ erred in determining plaintiff's arthritic gout to be non-severe.  The Court may remand a case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.  Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Plaintiff argues that given the errors the ALJ committed at step two, and in light of all of the – albeit limited – medical and other evidence in the record, he should be found disabled and entitled to disability insurance benefits.  But, while as just discussed, the undersigned agrees that the ALJ erred in finding his gout to be non-severe, it is not at all clear that the objective medical evidence supports a finding of disability in this matter.  As explained previously, the ALJ did not err in rejecting the disability opinion of Mr. Nimietz and Dr. Gray.  That opinion, furthermore, is the only one in the record to indicate plaintiff's impairments were anywhere near disabling.  Nor can pain or symptom testimony alone support a disability finding. See 20 C.F.R. § 404.1527(a)

REPORT AND RECOMMENDATION - 9

(impairment must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and/or laboratory diagnostic techniques and other medical evidence, such as opinions from physicians, psychologists or other acceptable medical sources). As such, while it appears the ALJ erred in finding plaintiff did not have a severe gout impairment at step two, it is not clear whether a finding of non-disability at later steps would be unsupported by the substantial evidence in the record. Rather, further administrative proceedings are necessary to properly make that determination.

## CONCLUSION

Based on the foregoing discussion, the Court should find the ALJ improperly concluded plaintiff was not disabled, and should reverse the ALJ's decision and remand this matter to the Commissioner for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **December 3, 2010**, as noted in the caption.

DATED this 12th day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10